## FLEENOR v. THE STATE.

RECOGNIZANCE.—*Action for Forfeiture.*—*Threats Toward Principal.*—*Pleading.*—In an action by the State, against the surety on a forfeited recognizance, executed to secure the appearance of the principal to answer to an alleged felony, the defendant answered, that, without the consent or connivance of the defendant, the principal had failed to appear to answer such charge, through fear that certain persons would carry out their threats of inflicting great bodily harm upon him, if he appeared. *Held*, on demurrer, that the answer is insufficient.

From the Washington Circuit Court.

*H. Heffren* and *J. A. Zaring*, for appellant.

*S. B. Voyles*, for the State.

WORDEN, J.—Action by the State, against the appellant, upon a recognizance entered into by her for the appearance of John Fleenor in the Washington Circuit Court, to answer to a charge of rape.

Judgment for the State.

The error assigned is upon the sustaining of a demurrer to the second paragraph of the defendant's answer, which was as follows:

" The defendant, Nancy Fleenor, further answering, says, that she executed the bond sued on by plaintiff, as mentioned in plaintiff's complaint, and for the purposes therein mentioned; that she executed the same as surety

Fleenor v. The State.

for her codefendant, John Fleenor, Jr. She avers that she would have produced the body of her said principal in court, as by said recognizance required, upon the first day of the Washington Circuit Court, at its next term after recognizance was executed, and had her said codefendant either to have remained and have abided by the order of the court, and not have departed without leave, or else have surrendered him into the custody of the proper officer for the further order of the court, had it not been that William Robertson, and divers other citizens of the State of Indiana, threatened, at divers times and places, that, if said John Fleenor, Jr., remained, or was found, in the counties of Washington or Jackson, in the State of Indiana, he would be hanged, or in danger of loss of limb, or of mayhem; that said threats came to the knowledge of John Fleenor, Jr., after the execution of the bond herein sued on; that said John Fleenor, Jr., acting upon and believing that said persons would carry their said threats into execution, and being fearful that his life would be taken, or mayhem committed upon him, or some great and remediless harm done him, by said persons, and without the connivance, consent or procurement of this defendant, the said John Fleenor, Jr., did flee the county of Washington and State of Indiana; that he has ever since said time when he so left, and does yet, fear to return and answer to the charge preferred against him, because of the threats and menaces so made against him. She further avers, that she has made due and vigilant inquiry in endeavoring to find out the whereabouts of the said John Fleenor, Jr., in order that she might take the proper steps to procure the necessary requisition for his arrest and return to the county and State aforesaid, to answer said charge, and, by surrendering him to the proper officers, release herself from her recognizance, but that all her efforts to find him have been unavailing. She further avers, that said John Fleenor, Jr., was anxious and willing to attend this court,

and answer said charge preferred against him, and abide the order of the court, and would have done so, had it not been for the threats and menaces aforesaid, and which, he believed, would be carried into effect. Wherefore," etc.

The matter set up in the answer is clearly no bar to the action on the recognizance, and no error was committed in sustaining the demurrer to the paragraph.

If the appellant can obtain any relief, it must be through the executive, and not the judicial, department of the government.

The judgment below is affirmed, with costs.